**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CARLTON WAYNE SOLTON, JR.,**

       **Plaintiff,**

       **v.**                           **CASE NO.  20-3111-SAC**

**TINA MILLER, et. al,**

       **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Carlton Wayne Solton, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 4.)  Plaintiff is housed at the Saline County Jail in Salina, Kansas ("SCJ").

Plaintiff alleges in his Complaint (Doc. 1) that Deputy Oliver failed to protect Plaintiff from being assaulted.  Plaintiff alleges that on March 25, 2020, Deputy Oliver failed to take preventative measures that resulted in a situation that could have been de-escalated before becoming volatile.  Plaintiff alleges that Deputy Oliver was aware than inmate Bell had ill intentions before she opened the cell where he was housed.  Plaintiff alleges that he asked the Pod officer whether or not "sleeping with your cousin was a crime," and Bell found the question to be offensive.  Plaintiff alleges that Bell can be seen on camera running down the stairs two

1

times in a hostile manner and the officer did nothing to prevent the situation.  Plaintiff claims that:

> The second time inmate Bell approached me in a hostile manner, I put my hands in the air, Deputy Oliver looked me in my face and smiled while simultaneously shaking her head.  After letting Bell into the cell he was housed in you can hear Deputy Oliver come over the intercom[], and he then becomes irate at which time she opens the door and he comes in a threatening manner.  Being that Bell has had enough time to acquire a weapon or for whatever reason it was that he went into the cell he was housed in, I was in fear for my safety when Bell rushed down the stairs a third time and assaulted me.  Had the officer intervened and took the proper steps to prevent this matter I would not have been placed at a substantial risk of sustaining great bodily injury or disfigurement.

(Doc. 1, at 6–7.)

In Count II, Plaintiff alleges that he was subjected to cruel and unusual punishment when he was placed in administrative segregation on March 25, 2020.  Plaintiff alleges that Tina Miller went through Plaintiff's legal mail, and removed a legal document that had dates, times, and names of the officers who were involved in the incident.  Plaintiff alleges that Miller also took two writing tablets, a substantial amount of loose-leaf writing paper, a dictionary, and several other items.  Miller told Plaintiff that because the items were purchased off commissary he could not have them.

Plaintiff alleges as Count III that he was subjected to cruel and unusual punishment while housed in segregation because inmates are not allowed to have t-shirts, socks, shorts, hygiene, or any items that have been purchased from the commissary.  These items are placed with the inmate's property and the inmate is not allowed to have them back and must repurchase those items again.

Plaintiff names as defendants:  Tina Miller, SCJ Sergeant; (fnu) Oliver, SCJ Deputy; (fnu) Fruits, SCJ Captain; and Roger Soldan, Saline County Sheriff.  Plaintiff seeks damages in

the amount of $250,000 against Deputy Oliver in her official capacity for Count I; a preliminary injunction and injunctive relief; and $1.5 million dollars in damages against Tina Miller, Captain Fruits, and Roger Soldan in their individual and official capacity.  (Doc. 1, at 8.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  Conditions of Confinement

Plaintiff alleges that while he was housed at the SCJ, he was not properly protected from another inmate and he was denied purchased items while housed in administrative segregation. It appears as though Plaintiff was a pretrial detainee while housed at the SCJ.  Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (citations omitted).  "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest."  *Id*. (citations omitted).  The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Id*. at 536–37.   To determine when restrictions pass, as  a matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013).  "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective."  *Id*. (citing *Bell*, 441 U.S. at 538–39).

Plaintiff has not alleged an intent to punish on the part of staff at the SCJ, and his allegations suggest, at most, negligence. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have

experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540.  "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment."  The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."  *Id*. at 540, n.23 (citations omitted).

Plaintiff has not stated a claim for relief based on his conditions of confinement.  The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims."  *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). [1]

---

[1] The court in *Kelley* noted that:

> In *Kingsley v. Hendrickson*, "the Supreme Court held that the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act 'maliciously and sadistically to cause harm,' does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)); *see also Burke*, 935 F.3d at 991 n.9. The "[c]ircuits are split on whether *Kingsley* alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," with the Tenth Circuit not yet having decided the issue. *Vallina*, 757 F. App'x at 646–47 (noting that the Second, Seventh, and Ninth Circuits have found *Kingsley* displaces the prior subjective inquiry for conditions of confinement and inadequate medical care claims, while the Fifth, Eighth, and Eleventh Circuits have held that *Kingsley* applies only to excessive force claims).

*Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at n.74 (D. Kan. Dec. 9, 2019).

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'" *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019).  To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)).  However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

Plaintiff has not alleged long-term exposure to the conditions.  "An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration." *Id.* (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)).  Thus, "[t]ime can play a significant part in a court's analysis of these issues," and "[t]here is . . . a *de minimus* level of imposition with which the Constitution is not concerned." *Kelley*, 2019 WL 6700375, at *10 (citations omitted).

Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence.  *See Kingsley*, 135 S. Ct. at 2472 (finding that "defendant must possess a purposeful, a knowing, or possibly a reckless state of mind" because "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process") (citations omitted); *see also McCowan v. Morales*, 945 F.3d 1276, 1284 n.7 (10th Cir. 2019); *Estate of*

*Vallina v. Cty. of Teller Sheriff's Office,* 757 F. App'x 643, 647 n.2 (2018) (noting that "the Supreme Court has consistently maintained that Fourteenth Amendment claims require 'something more' than mere negligence") (citation omitted).

Plaintiff's negligence claim is subject to dismissal for failure to adequately allege a federal constitutional violation. Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted). Plaintiff's Complaint is subject to dismissal for failure to state a claim.

## 2. Personal Participation

Plaintiff names Sheriff Soldan and Captain Fruits as defendants. Plaintiff has failed to allege how the Sheriff and Captain personally participated in the deprivation of his constitutional rights, and appears to rely on their supervisory status. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).  Plaintiff's claims against Sheriff Soldan and Captain Fruits are subject to dismissal.

### 3.  No Physical Injury

Plaintiff seeks compensatory damages.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Plaintiff alleges that he was assaulted, but provides no factual support for the allegation.  Plaintiff alleges

that he was "at risk" of sustaining injury.   Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff should assert a physical injury in any amended complaint that he files.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3111-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 30, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 30, 2020,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 2, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**