IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARLTON WAYNE SOLTON, JR.,**

    **Plaintiff,**

    v.                                  CASE NO. 20-3111-SAC

**TINA MILLER, et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.) Plaintiff is housed at the Saline County Jail in Salina, Kansas ("SCJ"). On September 2, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until September 30, 2020, in which to show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff has failed to respond by the Court's deadline.

    Plaintiff alleges that while he was housed at the SCJ, he was not properly protected from another inmate and he was denied purchased items while housed in administrative segregation. The Court found in the MOSC that Plaintiff has not alleged an intent to punish on the part of staff at the SCJ, and his allegations suggest, at most, negligence. Plaintiff's negligence claim is subject to dismissal for failure to adequately allege a federal constitutional violation. Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights

1

by the defendant, and not on negligence.")  Plaintiff has not stated a claim for relief based on his conditions of confinement.

The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 5, at 10.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated October 5, 2020, in Topeka, Kansas.

> s/ Sam A. Crow
> Sam A. Crow
> U.S. Senior District Judge